CHARLES P. KEETER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keeter v. Commissioner
Docket No. 2656-76.
United States Tax Court
T.C. Memo 1977-251; 1977 Tax Ct. Memo LEXIS 190; 36 T.C.M. (CCH) 1018; T.C.M. (RIA) 770251; August 1, 1977, Filed *190 Petitioner was an employee and part owner of an automobile dealership in Gainesville, Fla. Throughout the year 1973 petitioner used free of charge various company-owned automobiles for personal purposes. Held, the fair rental value of the automobiles is includable in petitioner's income. Stuart B. Kalb, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1973 in the amount of $990, plus an addition to tax under section 6653(a) [1] in the amount of $49.50. Respondent has now conceded that petitioner is not liable for the $49.50 addition to tax. The only issue we have to decide is whether petitioner received additional income in 1973 in the amount of $1,800 from the free personal use of company-owned automobiles. All of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Charles P. Keeter resided in Gainesville, Fla., at the time of filing his petition *191 in this case. He filed his 1973 Federal income tax return with the Director, Internal Revenue Service Center, Chamblee, Ga.
During 1973 petitioner was the president of Shaw & Keeter Motor Co., Inc. (hereafter referred to as Shaw & Keeter). Petitioner also owned 17 percent of the outstanding stock of Shaw & Keeter at all times relevant to this case. Shaw & Keeter operated a Ford automobile and truck dealership in Gainesville, Fla., approximately 1-1/2 miles from petitioner's residence. Petitioner did not own an automobile at any time in 1973. Instead, he was provided with the free use of various new model automobiles (of all sizes) by Shaw & Keeter. The amount of petitioner's use of any one automobile varied according to the needs of Shaw & Keeter, since the dealership also used the automobiles as "demonstrators" in sales efforts and for the transaction of company business generally. Petitioner used the various automobiles for commuting to and from work each work day, going on shopping trips, going to and from church and for other personal transportation purposes. The Shaw & Keeter dealership emblem was affixed to each automobile used by petitioner. Consequently, *192 petitioner's driving of the automobiles resulted in a certain amount of advertising for Shaw & Keeter. An identical emblem was attached to all cars sold by the dealership. The Ford Motor Company expects its dealers to promote sales by using current model automobiles in the conduct of their activities. All Ford dealership employees, including the owners, work toward a common goal and that is to sell new automobiles. Shaw & Keeter paid for the liability insurance and minor repairs (not under warranty from Ford Motor Company) on the automobiles used by petitioner. A portion of the gasoline and oil used by petitioner was also paid for by Shaw & Keeter. Petitioner did not report any income received from the free use of automobiles owned by Shaw & Keeter in his income tax return for 1973. In the notice of deficiency respondent determined that petitioner received additional income in the amount of $1,800 in 1973 from the personal use of the automobiles. The issue we have to decide is whether petitioner received additional income in 1973, in the amount of $1,800, from the free personal use of company-owned automobiles. Petitioner contends that although the various cars were *193 used for personal purposes, such use was incidental to the business purpose of the employer in providing the cars. He argues that he is required by his profession to drive a new automobile at all times in order to promote sales among friends, acquaintances and customers of the dealership. He says cars are the working tools of his business. Petitioner also argues that the $1,800 figure arrived at by respondent is too high. Respondent argues that where corporate property is used by an employee or shareholder for personal purposes, the fair rental value of such property is includable in the user's income. He contends that any business purpose attributable to petitioner's use of the company-owned automobiles was negligible when compared to the personal benefit petitioner received from such use. We have previously held that an employee's or shareholder's free use of company-owned automobiles for personal purposes gives rise to taxable income. . [2]
From the record before us, the only business purpose that we can see was *194 achieved by petitioner's personal use of company-owned automobiles was the advertising attached to public viewing of new model Ford automobiles with a Shaw & Keeter emblem. This same advertising benefit, of course, attached to every new Ford automobile sold by Shaw & Keeter. Under the circumstances, we agree with respondent that such advertising was incidental and inconsequential when compared to the overriding personal benefit bestowed upon petitioner from his free use of the cars. Apart from the stipulated facts, there is no evidence whatever of the uses, business or personal, to which the automobiles were put. Such stipulated facts are wholly inadequate for us to consider any portion of petitioner's use of the automobiles as business use. Petitioner must, therefore, include the full fair rental value of the automobiles used by him in 1973 as ordinary income in that year. [3]
The record does not disclose how respondent arrived *195 at the $1,800 figure for the fair rental value of all the automobiles used by petitioner during 1973. However, there is no evidence at all in the record showing the $1,800 is unreasonably high; nor do we believe that figure is inherently or obviously excessive. [4]
Except for the addition to tax under section 6653(a), which respondent has conceded is inapplicable here, a Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue.↩
2. See also .↩
3. For decisions reaching similar results on similar facts see , on appeal (6th Cir., Apr. 21, 1977); .↩
4. On brief petitioner attempts to explain how respondent arrived at the $1,800 figure. He also discusses certain publications as well as Ford Motor Company leasing policy to show a lower fair rental value than $1,800. We cannot accept petitioner's statements on brief as evidence in this case. Such statements were not made under oath in the presence of the Court nor were they subject to cross-examination.↩